Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
NV Bar No. 15962
729 Evans Avenue
Reno, NV 89512
(775) 786-5477
Fax (775) 786-9658
mark@markmausertlaw.com
sean@markmausertlaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TENNLEY VIK,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS for the NEVADA SYSTEM OF HIGHER EDUCATION ("NSHE") on behalf of UNIVERSITY OF NEVADA RENO ("UNR"), a Nevada state entity.<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW plaintiff, through counsel, and hereby complains of Defendant University of Nevada Reno, (hereinafter "defendant"), via this Complaint and Jury Demand as follows:

<u>Jurisdiction, Venue & Jury Demand</u>

1. Plaintiff is a woman and is a resident of northern Nevada, i.e., Reno, Nevada, which is located in Washoe County. All, or almost all, acts, statements, communications, and omissions alleged herein occurred in northern Nevada, i.e., in Washoe County, Nevada. Plaintiff hereby requests a jury trial relative to all issues so triable. Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission, dated May 19, 2023, i.e., plaintiff has exhausted administrative remedies in accord with federal law. This Complaint and Jury Demand

COMPLAINT AND JURY DEMAND - 1

is timely filed in accordance with the Notice of Right to Sue which accompanies this Complaint and Jury Demand and is incorporated herein.

2. Defendant is an agency, department, or corporation of the State of Nevada, or some other legal entity, which employed plaintiff from approximately July 1, 2018, through present. On or about May 15, 2023, Defendant issued Plaintiff with a "Notice of Termination" effective May 20, 2024, in a retaliatory manner. At all relevant times Defendant, employed at least fifteen employees for at least twenty weeks per year.

3. This Court has venue over this action because all, or almost all, acts communications, statements, and omissions alleged herein occurred in northern Nevada; Defendant does substantial business in northern Nevada, e.g., it maintains a place of business in Reno, Nevada, at which all, or almost all, acts, statements, and omission which form the basis for this lawsuit occurred. Therefore, this Court has venue pursuant to 42 U.S.C. § 2000e-5(f)(3).

4. This Court has jurisdiction over this matter as Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, i.e., 42 U.S.C. § 2000e, et. seq. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. 1343. Jurisdiction exists relative to Defendant because plaintiff is a woman who was subject to gender/sex based harassment, and subsequent retaliation "because of sex", as defined by 42 U.S.C. § 2000e, et seq. Plaintiff's employment will end on May 20, 2024, in a retaliatory manner, e.g., Defendant issued Plaintiff a "Notice of Termination" after Defendant had been notified Plaintiff had filed a Charge of Discrimination with the Nevada Equal Rights Commission on the basis of sexual harassment prior to issuing Plaintiff's "Notice of Termination". Plaintiff alleges she was harassed "because of sex", as defined by Title 42 and that she was subject to retaliation in violation of Title VII.

First Cause of Action

(Sexual Harassment)

5. Plaintiff hereby incorporates all of the allegations of paragraphs 1 through 4, inclusive, as well as all other allegations herein, as though they were fully stated.

COMPLAINT AND JURY DEMAND - 2

6. Beginning in or about March of 2019, Plaintiff was subject to a course of sexual harassment which a reasonable woman could readily have found sufficiently egregious and/or offensive to constitute a work environment permeated with sexual hostility. Plaintiff subjectively experienced her work environment to be hostile and/or offensive, "because of sex", as defined and/or prohibited by 42 U.S.C. 2000e, et seq. Plaintiff's work environment was rendered sexually hostile by the actions and statements of some of Defendant's employees. For instance, on or about March of 2019, Jimmie Manning, a Professor and Department Chair of Defendant, entered Plaintiff's office, and told Plaintiff and another female colleague, Jenna Hanchey, of a sexual experience he had and referenced the size of his genitals.

7. Plaintiff reported the incident to the Director of the School of Social Research and Justice Studies, Clayton Peoples. The incident was then reported to Defendant's Title IX Department and the Dean's office. Defendant interviewed Plaintiff, after which Plaintiff received no further communications or response from Defendant re her complaint.

8. After complaining to Defendant of Mr. Manning's conduct, Mr. Manning used his position over Plaintiff and began a course of retaliatory hostility towards Plaintiff. Mr. Manning began giving Plaintiff unwarranted negative performance evaluations, excluded Plaintiff from inter-department activities, attempted to have Plaintiff removed from departmental committees, and interfered with opportunities for tenure and promotion. Prior to Plaintiff's complaints against Mr. Manning, Plaintiff had not received any negative performance evaluations.

9. Plaintiff complained to Defendant multiple times of Mr. Manning's conduct, made multiple requests to report to someone other than Mr. Manning, and made requests to transfer departments away from Mr. Manning. Defendant made no efforts to protect Plaintiff from Mr. Manning's retaliatory hostility.

10. Plaintiff held a tenured position at her previous institution prior to being hired by Defendant. Plaintiff agreed to work for Defendant in part because she had been promised by Sandra Ott, the interim chair of Communication Studies, who hired Plaintiff to work for

COMPLAINT AND JURY DEMAND - 3

Defendant, that Plaintiff would receive tenure and promotion after Plaintiff submitted one or two publications while employed with Defendant, and after Plaintiff worked for Defendant for one or two years. Mr. Manning was aware of this arrangement. In July of 2019, during Mr. Manning's course of retaliatory hostility towards Plaintiff, Defendant hired James Cherney, a male, who had not received tenure at his previous institution, into a tenured position in Plaintiff's department. This action discriminated against Plaintiff on the basis of sex, because Plaintiff was a woman, who was more qualified than Mr. Cherney for the position, and had more seniority with Defendant than Mr. Cherney.

11. In August of 2022, Mr. Manning attempted to further inhibit Plaintiff's ability to receive tenure and promotion by giving Plaintiff a negative fourth-year Progress Towards Tenure evaluation. None of Plaintiff's colleagues in her department were subjected to a fourth-year evaluation.

12. Any diminution or deficiency in Plaintiff's work performance was the direct and proximate result of the sexual and retaliatory hostility Plaintiff experienced. Defendant is therefore estopped from using any such diminution and/or deficiency as a legitimate basis to justify the termination of Plaintiff's employment, and/or denial of tenure and promotion.

13. As a direct and proximate result of being subjected to sexual harassment, Plaintiff suffered loss of enjoyment of life, emotional distress and related symptoms and manifestations, anger, loss of enthusiasm for work, and feelings of humiliation and isolation. Due to Plaintiff's emotional distress, she has had to seek therapy and take a leave of absence under the Family and Medical Leave Act.

14. Ms. Vik has been required to incur costs and retain counsel in order to attempt to vindicate her federally protected right to a workplace free of sexual hostility, i.e., to be free of a hostile work environment resulting from sexual harassment/retaliatory hostility and to be free of retaliation.

<u>Second Cause of Action</u>

(Retaliation)

15. Plaintiff hereby incorporates the allegations of paragraphs 1 through 14, inclusive, and all other paragraphs, as though the same had been fully set forth herein.

16. The failure to promote and denial of tenure constituted retaliation, as prohibited by Title VII of the 1964 Civil Rights Act, i.e., 42 U.S.C. 2000e, et seq.

17. The discharge/termination of Plaintiff's employment constituted retaliation, as prohibited by Title VII of the 1964 Civil Rights Act, i.e., 42 U.S.C. 2000e, et seq.

18. As a direct and proximate result of being subject to retaliation, plaintiff was injured and damaged as described herein and has been compelled to incur costs and retain counsel.

WHEREFORE, Plaintiff requests the following relief:

1. For an award of compensatory damages;

2. For an award of punitive damages;

3. For an award of costs and a reasonable attorney's fee;

4. For an award of economic damages according to proof; and

5. For such other relief, including injunctive relief, as the Court of jury may deem appropriate, e.g., for an injunction to compel Defendant to enforce a reasonable policy against sexual harassment and/or policies against sexual/gender harassment, retaliatory harassment, and retaliation which it claims to enforce.

DATED this 15th day of August, 2023.

        <u>/s/ Sean McDowell</u>
Sean McDowell
Mark Mausert

*Attorneys for Plaintiff*

## **INDEX OF EXHIBITS**

May 19, 2023 Issued NRTS………………………………………...…………………..Exhibit 1