Mark Mausert
NV Bar No. 2398
Sean McDowell
NV Bar No. 15962
729 Evans Avenue
Reno, NV 89512
(775) 786-5477
Fax (775) 786-9658
mark@markmausertlaw.com
sean@markmausertlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TENNLEY VIK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA ex rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO,<br><br>　　　　Defendants. | Case No.: 3:23-cv-00398-MMD-EJY<br><br>**JOINT CASE MANAGEMENT REPORT** |

All parties hereby submit their Joint Case Management Report.

**1. A short statement of the nature of the case (three pages or less), including a description of each claim or defense.**

**Plaintiff's View:**

Plaintiff's claims include a claim for Sexual Harassment (including retaliatory hostility), and retaliation. The Sexual Harassment claim arises from when Dr. Jimmie Manning entered Plaintiff's office and recounted a story to Plaintiff and coworker, Jenna Hanchey, wherein Dr.

JOINT CASE MANAGEMENT REPORT - 1

Manning discussed the size of his genitals. Plaintiff complained of the incident to Dr. Clayton Peoples, who then reported to Defendant's Title IX department. After Plaintiff complained about Dr. Manning, Dr. Manning began giving Plaintiff poor performance reviews which contained information inappropriate for annual performance reviews, attempted to have Plaintiff removed from departmental committees, excluded Plaintiff from inter-department activities, and interfered with Plaintiff's progress towards tenure and promotion. Despite Plaintiff's numerous complaints of sexual harassment and retaliatory hostility caused by Dr. Manning, Defendant continued to allow Dr. Manning to supervise Plaintiff and allowed Dr. Manning to continue evaluating Plaintiff's performance (despite previous poor annual evaluations which were revised to remove Dr. Manning's inappropriate content after Plaintiff appealed).

Plaintiff was retaliated against by Defendant when on May 15, 2023, Plaintiff was issued a "Notice of Termination" effective May 20, 2024, while Plaintiff was engaged in a protected activity of opposing sexual harassment.

**Defendant's View:**

The University denies that it discriminated against Plaintiff on the basis of sex or that she has been subjected to retaliation. Plaintiff received periodic evaluations and progress towards tenure reviews throughout her employment with the University, each of which were conducted by personnel committees made up of other members of her department and/or college. Plaintiff's reviews established a consistent message that the reviewing committees had "serious concerns" about her performance in teaching, research and service, the three standards evaluated by the University. Plaintiff failed to address those concerns, which ultimately resulted in the personnel committee unanimously agreeing that Plaintiff was making unsatisfactory progress toward tenure, particularly in the areas of teaching and research.

The University has asserted the following affirmative defenses: (1) Plaintiff's Complaint, and each cause of action therein, fails to state a claim upon which relief may be granted in favor of Plaintiff or against University; (2) Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and/or administrative filing periods; (3) Plaintiff's claims are barred to the extent that she failed to exhaust her administrative remedies as to those claims or allegations; (4) Plaintiff's claims based on conduct that occurred more than 300 days before Plaintiff filed her Charge of Discrimination are barred; (5) University is immune from suit under the doctrine of discretionary act immunity as set forth in NRS 41.032; (6) NRS 41.035 limits the amount of any recovery against University; (7) Punitive or exemplary damages are barred against the University by NRS 41.035; (8) Plaintiff's alleged damages, if any, are speculative and not reasonably ascertainable; (9) Plaintiff has failed to mitigate her damages, if any; (10) Plaintiff's claims are barred in whole or in part to the extent all of the conduct of which Plaintiff complains and which is attributable to University was a just and proper exercise of management discretion on the part of University and undertaken for a fair and honest reason and regulated by good faith under the circumstances; (11) Plaintiff fails to state a prima facie case under any of the claims or causes of action she has asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of University concerning Plaintiff were wholly based on legitimate, nondiscriminatory, and non-retaliatory reasons; (12) All decisions made by University with respect to Plaintiff and all actions taken with respect to her employment were made without malice, ill will, fraud, oppression or any other improper motive; (13) The conduct alleged in the Complaint, even if true, was not sufficiently severe or pervasive to create a hostile work environment; (14) The conduct alleged in the Complaint, even if true, was not both objectively and subjectively offensive; (15) Plaintiff's claims are barred because University exercised

reasonable care to prevent and/or correct harassing behavior, if any, and Plaintiff unreasonably failed to avail herself of preventative or corrective opportunities provided by University; (16) University alleges that any unlawful or other wrongful acts attributed to any person(s) employed by University were outside the scope of their authority and such acts, if any, were not authorized, ratified, or condoned by University, nor did University know or have reason to be aware of such conduct; (17) Plaintiff's claim(s) of hostile work environment must be dismissed, because assuming arguendo the purported conduct complained of occurred, Plaintiff was not subject to treatment less favorable than that of other employees due to her membership in any protected class; and (18) University alleges that because the Complaint relies on conclusory and vague terms, University cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, University reserves the right to assert additional affirmative defenses.

**2. The jurisdictional basis for the case, citing specific jurisdictional statutes.**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e. Subject matter jurisdiction exists per 28 U.S.C. 1343. Plaintiff alleges that she is a member of a protected class, i.e., depending on their gender, and was subjected to a hostile work environment (and several to retaliation) "because of sex" and/or because she opposed hostile sexuality.

**3. Whether any party expects to add additional parties to the case or otherwise amend the pleadings.**

**Plaintiff's View:**

Currently, the Plaintiff does not expect to add additional parties to this case. This is subject to change as the case progresses.

**Defendant's View:**

At this time, the University does not anticipate adding parties or amending its pleadings.

JOINT CASE MANAGEMENT REPORT - 4

**4. Whether there are any pending motions, including a brief description of those motions.**

There is currently pending a Motion to Intervene, which was filed October 17, 2023, ECF No. 12.

**5. Whether this case is related to any other case pending before this court or any other court, including a bankruptcy court, and if so, provide a brief description of the status of those case(s).**

N/A.

**6. A complete and detailed statement related to discovery, which addresses the following issues:**

**a) The date the Rule 26(f) initial disclosures were provided, or will be provided, by each party;**

The parties exchanged Initial Disclosures on October 30, 2023. Plaintiff included a computation of damages in the Initial Disclosures, pursuant to FRCP 26(a)(3).

**b) A brief statement regarding, what discovery requests have been served by any party, who the requests were served upon, and the due dates for responses to those requests;**

No discovery requests have been served at this time.

**c) Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;**

The parties anticipate submitting a proposed stipulated protective order with respect to confidential personnel records.

**d) Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;**

The parties do not anticipate any issues relating to the timing, sequencing, phasing or scheduling of discovery.

**e) Whether the parties anticipate the need to take discovery outside of the District of Nevada or the United States and, if so, a description of the proposed discovery; and,**

JOINT CASE MANAGEMENT REPORT - 5

The parties do not anticipate the need to take discovery outside of the United States. However, some witnesses are believed to be located and/or may need to be deposed outside of the District of Nevada. The parties will work together to schedule any such depositions.

**f) A summary of the number of depositions each party anticipates taking, information related to the anticipated location of those depositions, and whether any party anticipates video and/or sound recording of depositions.**

**Plaintiff's View:**

Plaintiff anticipates taking 4 depositions at this time, more may be required pending discovery. Plaintiff anticipates taking the depositions in Reno, NV. Plaintiff desires to take a video deposition of Defendant's President, Brian Sandoval; and alleged harasser Dr. Jimmie Manning.

**Defendant's View:**

The University anticipates taking approximately 5-6 depositions, most of which will be in Reno, Nevada. The University anticipates taking at least one deposition outside of the District of Nevada. The University further anticipates that at least two of the foregoing depositions will be video recorded.

**7. A brief statement regarding the types of ESI expected in the case, where the ESI is located, a statement of any agreements reached by the parties related to ESI on the issues listed above, and any outstanding disagreements between the parties related to ESI.**

The parties do not at this time anticipate any issues regarding disclosures, discovery or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties agree that ESI can be produced in paper form or as a readable image (e.g., .pdf or .tiff) file, while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production

JOINT CASE MANAGEMENT REPORT - 6

and to produce according to the Federal Rules of Civil Procedure. The parties shall work in good faith with respect to the production of ESI, and meet and confer should any dispute arise.

**8. Unless the Court has already approved a discovery plan and scheduling order, the proposed dates for each of the following:**

The Joint Discovery Plan and Scheduling Order was filed on October 26, 2023, and approved by the court on October 27, 2023, ECF No. 19.

**9. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons), and an estimated length for trial.**

A jury trial has been requested by the Plaintiff. The request has not been contested. The parties anticipate a 5-day trial.

**10. A statement as to the possibility of settlement and when the parties desire a court sponsored settlement conference, i.e., before further discovery, after discovery, after dispositive motions, etc.**

At this time, the parties are not able to fully assess the prospects for settlement as not much discovery has been conducted. However, the parties believe an early neutral evaluation would be productive once the Court resolves the pending Motion to Intervene.

**11. Whether the parties intend to proceed before the magistrate judge.**

The parties have not elected to proceed before the magistrate judge at this time.

**12. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre−trial motions or trial.**

N/A.

//

//

//

//

JOINT CASE MANAGEMENT REPORT - 7

**13. Whether either party requests that a case management conference be set in the case.**

    N/A.

DATED this 27th day of November, 2023.  
MARK MAUSERT LAW OFFICE

By: /s/ Sean McDowell  
MARK MAUSERT  
SEAN McDOWELL  
729 Evans Avenue  
Reno, Nevada 89512  
*Attorneys for Plaintiff*

DATED this 27th day of November, 2023.

By: /s/ Bryan Wright  
BRYAN L. WRIGHT  
1664 N. Virginia Street/MS 0550  
Reno, Nevada 89557-0550  
*Attorney for Defendant*