Bryan L. Wright
Associate General Counsel
Nevada Bar No. 10804
University of Nevada, Reno
1664 North Virginia Street/MS 0550
Reno Nevada 89557-0550
Tel: (775) 784-3493
Fax: (775) 327-2202
bryanwright@unr.edu
*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

TENNLEY VIK                                         Case No. 3:23-CV-00398-MMD-EJY

                Plaintiff,

vs.

STATE OF NEVADA ex rel. BOARD OF
REGENTS OF THE NEVADA SYSTEM OF
HIGHER EDUCATION, ON BEHALF OF
THE UNIVERSITY OF NEVADA RENO,

                Defendant.

_____/

## <u>STIPULATED PROTECTIVE ORDER</u>

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1.    Any party or non-party may designate as "confidential" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential personal and/or business or financial information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.      A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.      All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.      Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a)     counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)     employees of such counsel;

(c)     individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d)     consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit A (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after

the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(e)    any authors or recipients of the Confidential Information;

(f)    the Court, Court personnel, and court reporters; and

(g)    witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.    Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

7.    A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8.    If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the

material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9.    Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)    the party or non-party claims that the material is Confidential Information withdraws such designation in writing;

(b)    the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)    the Court rules the material is not confidential.

10.    All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12.    Nothing herein shall be deemed to waive any applicable privilege, work product protection, confidentiality or protection afforded by state or federal regulation, statute or law. In accordance with Federal Rule of Civil Procedure 26(b)(5)(B), if material inadvertently produced in discovery is subject to a claim of privilege, the party making the claim may notify

1   any party that received the material of the claim and the basis for it.  After being so notified,

2   the notified party must promptly return, sequester, or destroy the specified material and any

3   copies it has; must not use or disclose the material until the claim is resolved; must take

4   reasonable steps to retrieve the material if the party disclosed it before being notified; and may

5   promptly present the material to the Court under seal for a determination of the claim. The

6   inadvertent disclosure in this action by a party of its own privileged document or information,

7   regardless of whether the material was so designated at the time of disclosure, shall not be

8   deemed a waiver in whole or in part of a party's claim of privilege, either as to the specific

9   information disclosed, as to any other information relating thereto, or on the same or related

10  subject matter. The receiving party upon receiving a privilege log identifying the document

11  remains free to challenge any claim of privilege or protection, but shall not make any claim that

12  the production of the document was a waiver of any privilege or protection.  Moreover, absent

13  a ruling that the document or information at issue is not privileged or protected, a receiving

14  party may not disclose or make any use whatsoever of the material disclosed in or derived

15  from the document or information at issue.

16      13.    Any witness or other person, firm or entity from which discovery is sought may be

17  informed of and may obtain the protection of this Order by written advice to the parties' respective

18  counsel or by oral advice at the time of any deposition or similar proceeding.

19      14.    The Court's jurisdiction over this agreement shall terminate upon dismissal of this

20  action.

21  DATED this 27th day of November, 2023.        DATED this 27th day of November, 2023.

22

23  /s/ Sean McDowell                             /s/ Bryan L. Wright
    MARK MAUSERT                                  BRYAN L. WRIGHT
24  SEAN MCDOWELL                                 University of Nevada, Reno
    Law Office of Mark Mausert                    1664 N. Virginia St., MS 0550
25  729 Evans Avenue                              Reno Nevada 89557-0550
26  Reno Nevada 89512                             *Attorney for Defendant*
    *Attorneys for Plaintiff*

27

28

1

## <u>ORDER</u>

2

Pursuant to the foregoing stipulation of the parties, IT IS SO ORDERED:

3

4

5
                                        _____

UNITED STATES MAGISTRATE JUDGE

6

DATED: _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____ in *Tennley Vik v. State of Nevada ex rel. Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Reno*, Case No. 3:23-CV-00398-MMD-EJY. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information -- including copies, notes, or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes or other transcriptions made therefrom -- to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

_____

DATED: _____