UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TENNLEY VIK,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA ex. rel. BOARD OF REGENTS OF THE UNIVERSITY OF NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA RENO,<br><br>　　　　　　　　Defendant. | Case No. 3:23-cv-00398-MMD-EJY<br><br>ORDER |

**I.　SUMMARY**

This is an employment dispute. Plaintiff asserts claims for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 against her employer, the University of Nevada Reno, based on alleged conduct of Defendant's employees, including Jimmie Manning. (ECF No. 1.) Before the Court is Manning's motion to intervene, seeking to intervene as a plaintiff to assert a claim for declaratory judgment that he did not engage in the conduct alleged in the complaint. (ECF No. 12 ("Motion")[1].) For the reasons discussed herein, the Court denies the Motion.

**II.　BACKGROUND**

The following facts are adapted from the complaint. (ECF No. 1.) Plaintiff alleges she has been employed with Defendant since July 2018. Starting in March of 2019, Plaintiff allegedly experienced a sexually hostile work environment and cited as an example a statement that Manning purportedly made about another female colleague.

---

[1]Plaintiff and Defendant separately opposed the Motion (ECF Nos. 22, 23), and Manning replied (ECF No. 25).

(*Id.* at 2-3.) Plaintiff contends that she complained about Manning's conduct and ultimately experienced retaliation, including alleged conduct that Manning took to affect her tenure and promotion. (*Id.* at 3-5.) Plaintiff asserts two claims—sexual harassment and retaliation—against Defendant. Manning's complaint in intervention seeks a declaration that he did not engage in the conduct alleged in the complaint. (ECF No. 12-1.)

### III. DISCUSSION

Manning seeks to intervene as a matter of right, or alternatively as permissive intervention. The Court rejects both grounds for intervention.

#### A. Intervention as of Right

Fed. R. Civ. P. 24(a)(2) provides that a movant may intervene as a matter of right where the movant:

> claims an interest relating to property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

*Id.* When assessing a motion to intervene as of right, the Ninth Circuit applies a four-part test: "(1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (internal quotation marks and citation omitted). When deciding whether to permit intervention, courts are guided primarily by practical and equitable considerations. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

Manning cannot satisfy the second requirement—that he has a significantly protectable interest. This requirement is generally met when: (1) the interest is protectable

under some law; and (2) there is a relationship between the legally protected interest and the claims at issue in the case. *See Wilderness Soc.*, 630 F.3d at 1179. Applicants for intervention must satisfy both elements. *See Donnelly*, 159 F.3d at 409-10.

Manning argues that he has an interest in protecting his reputation, which the allegations in the complaint impugn. Manning may have reputational interests protectable under some law, but there is an insufficient relationship between those interests and the employment claims against Plaintiff and Manning's employer in this case. *See* Fed. R. Civ. P. 24(a)(2) (requiring an "interest relating to the property or transaction that is the subject of the action"). Accordingly, the Court denies intervention as of right.

### B.  Permissive Intervention

As noted, Manning also seeks permissive intervention. (ECF No. 401 at 16-18.) The Court exercises its discretion to deny this request as well. Federal Rule of Civil Procedure 24(b)(1)(B) permits a court to allow anyone to intervene who submits a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412 (citation omitted). Because a court has discretion in deciding whether to permit intervention, it should also consider whether intervention will cause undue delay or prejudice to the original parties, whether the applicant's interests are adequately represented by the existing parties, and whether judicial economy favors intervention. *See Venegas v. Skaggs*, 867 F.2d 527, 530-31 (9th Cir. 1989).

As both Plaintiff and Defendant point out, Manning's claim does not share common questions with the employment claims and will unnecessarily expand the scope of this action. (ECF Nos. 22 at 4; 23 at 5.) Resolution of the employment claims is based on Title VII and the standards for demonstrating sexual harassment and retaliation, which may be resolved as a matter of law without resolution of all the factual allegations raised in the

complaint in favor of Plaintiff. Take, for example, the allegation that Manning made a statement to Plaintiff about another colleague in March 2019. (ECF No. 1 at 6.) That statement alone would not amount to sexual harassment under Title VII, so whether Manning made the statement may be of no import to the resolution of Plaintiff's claim. But Manning's claim in intervention would require the finding that he did not make any such statement. (ECF No. 12-1 at 4 (seeking a finding that Manning "has not subjected Vik to lewd remarks").) The Curt therefore denies permissive intervention.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Jimmie Manning's motion to intervene (ECF No. 12) is denied.

DATED THIS 4th Day of December 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE